IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3265-M-RJ

| | |
|---|---|
| ROBERT S. BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAPTAIN RAYMOND, et al., ) | |
| ) | |
| Defendant. ) | |

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This action is before the court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiff responded in opposition, and defendants replied. Also before the court are plaintiff's motions for default judgment [D.E. 16], entry of default [D.E. 23], discovery [D.E. 30, 32, 34, 37], appointment of counsel [D.E. 31], and ruling on pending motions [D.E. 37]. For the reasons discussed below, the court grants defendants' motion and denies plaintiff's motions.

STATEMENT OF THE CASE

On September 12, 2023, plaintiff filed the instant action alleging defendants violated his civil rights alleging defendants were deliberately indifferent to his serious medical needs, used excessive force, and failed to protect him as constitutionally required. (Compl. [D.E. 1] at 6–8).[2]

---

[1] Although defendants' motion states it is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), it is clear from their memorandum that they actually seek dismissal pursuant to Rule 12(b)(1). (See Def. Mot. to Dismiss [D.E. 20]; Def. Mem. in Supp. [D.E. 21] at 3 (noting exhaustion of administrative remedies is precondition to filing suit in federal court)).

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system.

After conducting its initial review, the court allowed the action to proceed on June 12, 2024. On October 17, 2024, defendants filed the instant motion to dismiss supported by the declaration of Kimberly D. Grande ("Grande"), the Executive Director of the North Carolina Department of Adult Correction Inmate Grievance Resolution Board; and plaintiff's grievance documents. On October 28, 2024, plaintiff responded in opposition. On November 11, 2024, defendants replied. On November 25, 2024, plaintiff filed an "addendum in opposition," which the court construes as a sur-reply.

## COURT'S DISCUSSION

A.  Motions for Entry of Default [D.E. 16, 23]

Plaintiff has not shown defendants failed to plead or otherwise defend this action. See Fed. R. Civ. P. 55(a). Defendants timely moved for extension of time to answer and filed their motion to dismiss within the prescribed time period.

B.  Motion to Dismiss

   1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction–a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id. When considering a motion to dismiss for lack of subject-matter jurisdiction, the district court may consider evidence outside the pleadings without converting the motion into one for summary judgment, but it "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must

2

set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

2. Analysis

As noted above, defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before commencing this action. The Prison Litigation Reform Act ("PLRA") states, in relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Successful exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation, alteration, and internal quotation marks omitted).

Failure to exhaust available administrative remedies is an affirmative defense that defendants generally must plead and prove. See Jones, 549 U.S. at 216–17; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361–63 (4th Cir. 2017). When an inmate files suit prior to exhausting his administrative remedies, courts typically dismiss the action without prejudice. See Ford v. Johnson, 362 F.3d 395, 398, 401 (7th Cir. 2004).

3

Administrative exhaustion is "defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007). And the PLRA mandates "proper exhaustion" meaning "untimely or otherwise procedurally defective administrative grievance[s] or appeal[s,]" as determined by the correctional institution's procedural rules, do not satisfy the PLRA's exhaustion requirement. Woodford, 548 U.S. at 83, 90. Thus, an inmate has not exhausted administrative remedies unless he receives a decision "on the merits" of his grievance and complies with all procedural requirements for appealing the result. See id. at 90.

The North Carolina Department of Adult Correction ("DAC") has a three-step administrative remedy procedure ("ARP"), which inmates must complete to exhaust administrative remedies. See DAC, Policy & Procedure Manual, Subchapter G, § 0300 et seq., available at https://public.powerdms.com/NCDAC/tree/documents/2145373; see also Moore, 517 F.3d at 721 (describing policy).[3] Pursuant to the ARP, the DAC first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. ARP § .0301(a). If informal resolution is unsuccessful, the ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. Id. § .0310(a). If the inmate is not satisfied with the decision reached at the step-one level of the grievance process, he may request relief from the facility head. Id. § .0310(b)(1). If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the Secretary of Public Safety through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the inmate grievance

---

[3] The ARP is a publicly available governmental record, the authentication of which is not questioned by the parties. Accordingly, the court may take judicial notice of the policy when resolving the instant motion. See Philips, 572 F.3d at 180; Fauconier, 652 F. App'x at 220 n.4.

4

examiner or a modification by the Secretary of Public Safety shall constitute the final step of the ARP. Id. § .0310(c)(6).

In the instant case, plaintiff acknowledges that he did not exhaust his administrative remedies. (Compl. [D.E. 1] at 9). But plaintiff argues that he submitted a grievance that prison officials refused to process, and he received a response to a second grievance outside of the time allotted by prison policies.

Under the PLRA, inmates must exhaust only "available" administrative remedies. See 42 U.S.C. § 1997e(a); Ross v. Blake, 578 U.S. 632, 642–44 (2016). An administrative remedy procedure is unavailable if the "procedure's provided avenues for recourse are not meaningfully 'capable of use to obtain some relief for the actions complained of.'" Griffin v. Bryant, 56 F.4th 328, 335 (4th Cir. 2022) (quoting Ross, 578 U.S. at 642–43). The Supreme Court has identified three non-exclusive circumstances where an administrative remedy procedure is unavailable: 1) where the procedure "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) when it is "so opaque that it becomes, practically speaking, incapable of use"; and 3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 642–44; Griffin, 56 F.4th at 335.

Plaintiff has not provided sufficient argument or evidence indicating the ARP was unavailable. It is undisputed that plaintiff has exhausted remedies for 12 grievances unrelated to the instant matter and is thus aware of proper grievance procedure. (Grande Decl. [D.E. 21-1] ¶¶ 10-11; Def's Mem. Ex. [D.E. 21-1] at 5–82; see also Def. Mem. [D.E. 21] at 6). Plaintiff's arguments regarding rejection of his grievances and untimely responses is unpersuasive.

5

Plaintiff's grievances were rejected because he did not follow proper grievance procedure. (See Def. Reply Ex. 1 [D.E. 25-1]; Def. Reply Ex. 1 [D.E. 25-1]). He did not resubmit the grievances, nor did he appeal the rejection. Plaintiff has not shown the grievance process was unavailable to him. Accordingly, he has failed to exhaust his administrative remedies prior to filing the instant action, and this court lacks subject-matter jurisdiction.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss [D.E. 20] is GRANTED. Plaintiff's claims are dismissed without prejudice. Plaintiff's motions for default judgment [D.E. 16] and entry of default [D.E. 23] are DENIED. Plaintiff's remaining motions [D.E. 30, 31, 32, 34, 37] are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of September, 2025.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge