IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3265-M-RJ

ROBERT S. BALLARD,                          )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )          ORDER
                                            )
CAPTAIN RAYMOND, et al.,                    )
                                            )
            Defendant.                      )

On September 12, 2023, Robert S. Ballard ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. Compl. [D.E. 1].

On October 17, 2024, defendants moved to dismiss the action, asserting plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA").

On September 10, 2025, the court granted the motion to dismiss, finding plaintiff did not exhaust administrative remedies before filing the action, but he failed to show these remedies were unavailable within the meaning of Ross v. Blake, 578 U.S. 632 (2016) ("Ross"). Order [D.E. 38].

On September 22, 2025, plaintiff filed the instant motion for reconsideration. See Mot. [D.E. 40]. As discussed below, the court grants in part this motion.

Discussion:

In support of his instant motion for reconsideration, plaintiff argues that, under Perttu v. Richards, 605 U.S. 460 (2025) ("Perttu"), the issue of exhaustion of administrative remedies is a question for a jury to decide. Id. at 1. Plaintiff contends that, because his first grievance was rejected and he never received a response to his second grievance, he was unable to appeal, and thus could not exhaust his administrative remedies. Id. at 1–2. Plaintiff further argues that,

because the incident in question occurred in 2023, prison officials would no longer accept a grievance in this matter such that the dismissal of this action has the result of "taking the opportunity to submit [his] grievance process over again [sic]." Id. at 2. For relief, plaintiff asks the court to reopen the case and allow a jury to decide both the issues of grievance exhaustion and defendants' liability. Id. at 3.

The decision to alter or amend a judgment is within the sound discretion of the court. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002).

> In *Perttu v. Richards*, an inmate brought an action under the First Amendment of the United States Constitution, alleging that a guard sexually abused him, and that the same guard destroyed his grievances and threatened to kill him if he filed additional grievances. *See* 605 U.S. at 465. The plaintiff also alleged that he was "wrongfully held in administrative segregation in retaliation for filing grievances." *Id.* at 465-66. The guard moved for summary judgment, and after an evidentiary hearing, a magistrate judge concluded that the inmate's witnesses were not credible on the issue of destroyed grievances and dismissed the case for failure to exhaust. *Id.* On appeal, the Sixth Circuit reversed the dismissal based on the view that a jury trial was required because the resolution of the exhaustion issue would also implicate a material factual dispute of the substantive First Amendment retaliation claim. *Id.* at 467. In essence, both the exhaustion issue (the plaintiff's ability to file grievances) and the merits of the retaliation claim (about the destruction of grievances) would turn on the same facts. *Id.* The Supreme Court affirmed, holding that an inmate is entitled "to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Id.* at 468.

Rice v. Harvey, No. 3:24-CV-07157-RMG, 2026 WL 751993, at *2 (D.S.C. Mar. 17, 2026).

Here, plaintiff's complaint generally alleges that defendants were deliberately indifferent to his serious medical needs, used excessive force, and failed to protect him. See Compl. [D.E. 1] at 6–8. Because plaintiff's allegations against defendants are not intertwined with the PLRA exhaustion issue, Perttu is substantially distinguishable from, and does not require a different result in, the instant action.

2

Nevertheless, after further review of the record and filings, the court finds that the prior order dismissing the action did not adequately address whether the Administrative Remedy Procedure ("ARP") was "available" to plaintiff. Cf. Ross. The denials of plaintiff's grievances as to the underlying incident are comparable to issues with the ARP discussed in Griffin v. Bryant, 56 F.4th 328, 338 (4th Cir. 2022) ("Griffin"). It also remains unclear whether plaintiff was notified his second grievance was rejected, whether that rejection itself was timely under the ARP that was operative between August 1, 2013, and September 31, 2023, whether plaintiff had an opportunity to appeal that rejection or resubmit a corrected grievance, and whether a further grievance as to the underlying incident necessarily would be rejected as untimely. Cf. Obataiye-Allah v. Faust, No. 5:22-CT-3079-D, 2023 WL 5964938, at *9–13 (E.D.N.C. Aug. 15, 2023), report and recommendation adopted, No. 5:22-CT-3079-D, 2023 WL 5962252 (E.D.N.C. Sept. 13, 2023).

To the extent defendants again seek to rely upon plaintiff's failure to exhaust administrative remedies, defendants should thoroughly address the issues of "availability" of the remedy under Ross and Griffin and further develop the record, attaching as an exhibit the relevant ARP.

Conclusion:

For the above reasons, the court GRANTS IN PART plaintiff's motion for reconsideration [D.E. 40], and DIRECTS the clerk to re-open the action. The court also REFERS the case to Magistrate Judge Robert B. Jones, Jr., for entry of a new scheduling order, to include an answer deadline, a period for discovery, and a deadline for dispositive motions.

SO ORDERED this 4th day of May, 2026.

Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge

3